**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE: Leeroy Murphy                )
                                    )    Case Number: 09-33486
                                    )    Chapter 13
         Debtor(s).                 )    Judge Cox
                                    )

**NOTICE OF MOTION**

To:   Leeroy Murphy, 10033 South Charles, Chicago, IL 60643, via U.S. Mail

      Jlynn Pierce c/o Sue Roberts-Kurpis, 3845 W. 58th Place, Chicago, IL 60629, via U.S. Mail

      Patrick Layng, USTPRegion11.ES.ECF@usdoj.gov, via ecf email

      Bank of America, c/o Fisher and Shapiro, via ECF email

      Rinella and Rinella, Ltd., c/o James Popjoy, via ECF email

      LVNV Funding, P.O. Box 10587, Greenville, SC 29603-0587, via U.S. Mail

      Midland Credit Management, Inc., 8875 Aero Drive, Suite 200, San Diego, CA 92123, via U.S. Mail

      GE Money Bank c/o Recovery Management Systems Corp, 25 SE 2nd Avenue, Suite 1120 Miami, FL 33131, via U.S. Mail

      Midwest Physicians Group, Ltd., c/o James T. Gately, 8233 W. 185th Street, Tinley Park, IL 60487, via U.S. Mail

      Verizon Wireless, P.O. Box 3397, Bloomington, IL 61702, via U.S. Mail

      CTA C&M Credit Union, 3900 W. Maypole Avenue, Chicago, IL 60624, via U.S. Mail

Please take notice that on June 27, 2011 at 9:00 a.m. I shall appear before the Honorable Judge Cox in Courtroom 619, 219 South Dearborn, Chicago, IL 60604 and will present the attached motion; you may appear if you so choose.

**PROOF OF SERVICE**

The undersigned, an attorney, certifies that he transmitted a copy of this notice via U.S. mail to the Debtor(s); and via electronic court or U.S. Mail notification to all other parties as indicated on 6/14/2011.

/s/ Ben W. Koyl
Attorney for Debtor(s)


The Law Office of Ben W. Koyl
17 North State Street, Suite 1700
Chicago, IL 60602
(773) 709.9539

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE: Leeroy Murphy            )
                                )    Case Number: 09-33486
                                )    Chapter 13
           Debtor(s).           )    Judge Cox
                                )

## MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY FOR DEBTOR PURSUANT TO LOCAL RULE 2091-1

Now comes, Ben W. Koyl of the Law Office of Ben W. Koyl, P.C., and hereby moves this Honorable Court to enter an order granting this MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY FOR DEBTOR PURSUANT TO LOCAL RULE 2091-1. In support the undersigned states thus:

1. This motion is filed pursuant to Federal Rules of Bankruptcy Procedure Rule 9013 and Local Rule 2091-1 with all parties of record, including the Debtor, provided notice.

2. On 9/09/2009, I filed for the Debtor, Leeroy Murphy, a petition for relief under chapter 13 of the bankruptcy code.

3. The plan, as amended, was finally confirmed, over the objections of two creditors, on March 29, 2010.

4. I spent a voluminous amount of time negotiating with creditors to get the chapter 13 plan confirmed. The plan payment was set at $355 dollars per month to pay 100% of unsecured creditors and a portion of the debt owed to Rinella and Rinella for attorneys fees through Mr. Murphy's ongoing domestic relations case. Rinella and Rinella has a judicial lien on Mr. Murphy's homestead which is held with his wife as joint tenants, and not tenants by the entirety.

5. Furthermore, I filed an adversary complaint and claim objection on 12/06/2009, prior to the confirmation of the Debtor's amended chapter 13 plan. Judgment was rendered in favor of the Defendant, Jlynn Pierce, and the Defendant's proof of claim was upheld for reasons stated in the judgment order.

6. Again, I spent a voluminous amount of time prosecuting the adversary complaint, which was concluded on 12/22/2010.

7. On February 1, 2011, the attorney for Jlynn Pierce sent a "notice of withholding" to the Debtor's employer, which proposed to increase the withholding of funds based on the judgment order entered by this court. See attached.

8. In March of 2011, the Debtor informed my office of these events, and I attempted to work with his employer to stop the increased withholding. The CTA, Debtor's employer, indicated to my office that they would honor the new notice of withholding.

9. I informed the Debtor that I would research the issue to see what could be done in the bankruptcy court.

10. Beginning in the second week of April 2011, after I returned from a two week vacation abroad, I began my research by consulting with colleagues at the National Association of Consumer Bankruptcy Attorneys.

11. Furthermore, in April 2011, the Debtor reinstituted proceedings in state court against Jlynn Pierce. The Debtor has refused to provide the undersigned with documentation of the motion that he filed on 4/12/2011 at the Daley Center.

12. No helpful feedback was received from the NACBA, so in early May 2011 I began to research the issue.

13. I sent a letter to the Debtor on May 27, 2011 advising the Debtor that he should seek counsel to address this in state court. I based my opinion on the research conducted at the law library, based on the facts as I understood them from conversations with the Debtor, but also on a 2003 order entered by Judge Riley, which admittedly was not the correct document.

14. On or around May 30, 2011, I spoke with Leeroy Murphy and his wife Barbara Murphy about the letter at my office. At this point, I did realize that I had referred in the letter, not to the notice of withholding of 2/1/2011, but, to an order for withholding from 2003 signed by Judge Riley.

15. Regardless, I stated to Mr. Murphy during this conversation, repeatedly, that he should seek counsel in state court. The discussion became heated so I suggested that the Debtor drop off to my office only the notice of withholding so I could revisit the issue and get back to him.

16. The Debtor dropped of the notice of withholding to my office. Upon reviewing the notice of withholding I concluded that the best course of action for the Debtor was to seek a modification of his withholding in state court and not to seek sanctions for a stay violation in the bankruptcy court.

17. I called the Debtor on June 3, 2011, and attempted to inform him that the best course of action for him to take would be to go to state court and seek a modification. I offered Mr.

    Murphy the phone number for the Chicago Bar Association referral line. The conversation became heated again with the Debtor and his wife yelling at me on the phone. During this conversation I felt threatened and insulted by the Debtor and his wife. Barbara Murphy. Regardless, I informed them that I would contact a person at DCFS to discuss the present withholding situation.

18. I contacted DCFS, but this conversation did not change my opinion.

19. On June 7, 2011, I sent another letter to the Debtor explaining that his best course of action would be to seek counsel to represent him in state court, and that I would not file any motion for sanctions in bankruptcy court to address this issue.

20. Soon after receiving the June 7, 2011 letter, I received a voicemail from Barbara Murphy stating that she would "file an appeal" with this court.

21. The undersigned is seeking to withdraw from representing the Debtor in this case for two reasons.

22. First, the Debtor refuses to heed and listen to my legal advice regarding the strategy that should be implemented in his bankruptcy case. I would like nothing more than to be able to solve all of his legal problems in the bankruptcy court, but, as stated above, in my opinion his best course of action is to seek a modification in state court, which may require that he hire another attorney.

23. Second, the Debtor and his wife's behavior has been so offensive to me that I cannot possibly represent the Debtor with the type of objectivity and zealousness that is required. The actions of the Debtor and his wife, Barbara Murphy, on June 3, 2011 were aggressive and threatening to me on a personal level, which has caused me to experience an extreme amount of stress and anxiety, and has caused me to lose sleep in the process.

24. I do not file this motion lightly. In close to four years of bankruptcy practice I have never filed a motion to withdraw as a debtor's attorney, and I do so only under the most extreme pressure.

Based on the foregoing, the undersigned requests that this Honorable Court enter the attached order granting his motion to withdraw and for other relief as is appropriate.

Respectfully Submitted,

/s/ Ben W. Koyl

Attorney for Debtor

Law Office of Ben W. Koyl, P.C.

17 North State Street, Suite 1700

Chicago, IL 60602